BOYINGTON (TUCKER MANUF'G CO. v.). See Case No. 14,229.

## Case No. 1,757.

### In re BOYLAN.

[1 Ben. 266;[1] 1 N. B. R. 2; Bankr. Reg. Supp. 1; 6 Int. Rev. Rec. 28.]

District Court, S. D. New York. July, 1867.

PRACTICE IN BANKRUPTCY—PARTNERSHIP—SEPARATE PETITIONS.

A firm composed of three persons did business in Cincinnati, Ohio, till April 18th, 1861, when it was dissolved. In June, 1867, one of the partners filed his petition in this court, praying only that he individually might be adjudged a bankrupt, and was adjudged a bankrupt. Thereupon, the two other partners applied by petition, stating that there were no debts of the other partner but copartnership debts, that they themselves resided in Ohio, and owed no debts but those of the partnership, that there were no partnership assets, and that their liabilities were exactly the same as those of the other partner, and praying leave to join in his application, and leave to file their petitions in this court, and that all proceedings on the first petition be stayed till their petition should be disposed of: Held, that the thirty-sixth section of the bankrupt act [of 1867 (14 Stat. 534)] applies only to a case where two or more persons who are partners in trade are adjudged bankrupt, and that here only one partner had been adjudged bankrupt; that the petitioners could present a petition praying that the partners which composed that firm be adjudged bankrupt, to the court which, under section eleven of the act, had jurisdiction of such a petition, and, if the other partner should refuse to join in it, the eighteenth general order would apply; that the prayer of the petition must be denied.

[See In re Little, Case No. 8,390.]

In bankruptcy.

BLATCHFORD, District Judge. In this case the petition of Daniel K. Harvey and Thomas H. Boylan shows, that they were copartners with Julius A. Boylan, and carried on business under the firm name of

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Boylan & Co., at Cincinnati, Ohio, until April 18th, 1861, when the copartnership was dissolved; that Julius A. Boylan, on the 27th of June, 1867, filed his petition in this court for his discharge in bankruptcy, and was adjudged a bankrupt on the 28th of June, 1867; that he has no individual assets except such as are exempt, nor are there any copartnership assets of any kind; that all the indebtedness of Julius A. Boylan is the copartnership debts, as appears by his petition and schedules; that Harvey and Thomas H. Boylan reside in Ohio; that they have no debts except the copartnership debts of Boylan & Co., and their liabilities are for exactly the same amounts and to the same individuals as those of Julius A. Boylan; that they are about to take the benefit of the bankruptcy act, but cannot do so without incurring a large and unnecessary expense if compelled each, individually, to proceed under the act; that the creditors of the firm are one hundred and eighteen in number; and that they would be put to great expense and trouble if compelled to attend the meetings of the creditors of the firm in two different parts of the country as far apart as New York City and Cincinnati, Ohio. The petitioners pray that leave be given them to join in the application of Julius A. Boylan for their discharge in bankruptcy under the act, and that they have leave to file their petitions under the act in this court, and that all proceedings under such petitions be had in this district, and that all proceedings on the part of Julius A. Boylan be stayed until the final disposition of such petitions.

In support of the prayer of this petition reference is made to the thirty-sixth section of the bankruptcy act, which provides "that where two or more persons who are partners in trade shall be adjudged bankrupt, either on the petition of such partners, or any one of them, or on the petition of any creditor of the partners, a warrant shall issue in the manner provided by this act, upon which all the joint stock and property of the copartnership, and also all the separate estate of each of the partners, shall be taken, excepting such parts thereof as are hereinbefore excepted;" and that, "if such copartners reside in different districts, that court in which the petition is first filed shall retain exclusive jurisdiction over the case." It is urged that, under these provisions, all the partners of the firm of Boylan & Co., of which Julius A. Boylan was one, can come into this court, without regard to their place of residence or doing business, and ask for their discharges, provided Julius A. Boylan resides or does business in this district and first files his petition here.

The difficulty in the view thus urged is, that Julius A. Boylan has petitioned merely as an individual for his individual discharge, and has been individually adjudged a bankrupt. The thirty-sixth section of the act applies only to a case where two or more

persons who are partners in trade are adjudged bankrupt. It would apply to the present case, if, on the petition of Julius A. Boylan, two or more members of the firm of Boylan & Co. had been adjudged bankrupt. The clause of the thirty-sixth section which provi⋯ ⋯ that where "such copartners reside in different districts, that court in which the petition is first filed shall retain exclusive jurisdiction over the case," means, that where two or more petitions are filed in different districts, praying that two or more persons who are partners in trade be adjudged bankrupt, and such partners reside in different districts, the court in which the first in order of time of such petitions is filed shall have exclusive jurisdiction to do what the thirty-sixth section allows and requires to be done in a case where two or more persons who are partners in trade are adjudged bankrupt. That clause has no application to the present case. There has not been any petition yet presented to any court, so far as appears, praying that the partners composing the firm of Boylan & Co. be adjudged bankrupt. Such a petition can be presented by Harvey and Thomas H. Boylan to the court which, under the eleventh section of the act, has jurisdiction of such a petition. If such a petition be presented by them, and Julius A. Boylan refuses to join in it, the 18th rule of the "General Orders in Bankruptcy" will apply to the case.

These views are strengthened by the language of the 16th rule of the "General Orders in Bankruptcy," which provides as follows: "In case two or more petitions for adjudication of bankruptcy shall be filed in different districts by different members of the same copartnership for an adjudication of the bankruptcy of said copartnership, the court in which the petition is first filed, having jurisdiction, shall take and retain jurisdiction over all proceedings in such bankruptcy until the same shall be closed; and, if such petitions shall be filed in the same district, action shall be first had upon the one first filed." The prayer of the petition is denied.